UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRIN MALSACK,

        Plaintiff,

  v.                                      Case No. 22-cv-1496-pp

NIJMEH M HAMAD
and SKYLINE GAS & VAPE SHOP,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NOS. 2, 5), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL (DKT. NO. 5) AND REQUIRING PLAINTIFF TO FILE AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE OR PAY FULL FILING FEE**

      The plaintiff, who describes himself as an independent advocate and a "tester" for enforcing compliance with the ADA, filed a complaint after he "attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Skyline Gas & Vape Shop located at 5518 South 13th Street" in Milwaukee. Dkt. No. 8 at ¶¶7, 9. At the time of filing, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Seven days later, the plaintiff filed a "Motion to Proceed Informa [sic] Pauperis and Motion to Seal Application to Proceed Informa [sic] Pauperis." Dkt. No. 5. In that motion, the plaintiff's attorney explained that the plaintiff "desires for her [sic] financial information to remain confidential" and that sealing "would be of no prejudice to the [d]efendant." Id. at 1. The plaintiff attached the same

1

five-page application to proceed without prepaying the filing fee that appears at dkt. no. 2 and labeled the application an "information sheet." Dkt. No. 5-1.

Attorney Ryan Johnson since has filed a notice of appearance for the plaintiff, dkt. no. 6, and Attorney Clint Muche filed a notice of withdrawal, dkt. no. 7. On March 22, 2023, Attorney Johnson filed an amended complaint explaining that the plaintiff lives within thirty miles of the shop and that the plaintiff encountered barriers while trying to visit the shop, such as the lack of accessible routes and parking and a lack of maintenance of accessible features of the facility. Dkt. No. 8 at ¶¶11, 25. Although the court has not ruled on the plaintiff's first or second request to proceed without prepaying the filing fee and has not screened the complaint, the plaintiff filed an affidavit of service "on corporation or limited liability company" stating that William F. Frahm served the summons and complaint on the Skyline Gas & Vape Shop by leaving the documents with the cashier. Dkt. No. 11. The amended complaint identifies Nijmeh Hamad and Skyline Gas & Vape Shop as the "owners, lessors, and/or operators/lessees of the real property" but says nothing more about the corporate structure of the business or the registered agent for service.

I.  **Plaintiff's Motions to Proceed Without Prepaying the Filing Fee (Dkt. Nos. 2, 5)**

The court first must decide whether the plaintiff can pay the filing fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff did not use the form available on the Eastern District of Wisconsin website, and, as a result, it is not clear that the court has

the information it needs to decide the requests. For example, the form the plaintiff used did not ask whether the plaintiff has a spouse or significant other and did not require the plaintiff to identify source(s) of income.

While the plaintiff's initial (and second) applications indicate that he receives $1,524 in some type of disability payment, dkt. no. 2 at 2, dkt. no. 5-1 at 2, the applications also indicate that the plaintiff (or a spouse) has $400 in cash, $1,200 in checking and savings accounts, id., owns a home valued at $190,000 and owns two cars valued at $6,000, dkt. no. 2 at 3, dkt. no. 5-1 at 3. The plaintiff lists a daughter, age 5, for whom the plaintiff (or a spouse) provides support but does not indicate how much is paid in support. Id. The court will require the plaintiff to file an amended motion for leave to proceed without prepaying the filing fee on the form used in this district. The plaintiff must clearly identify all sources of income. Alternatively, the plaintiff can pay the full filing fee by the deadline the court will set below.

## II. Plaintiff's Motion to Seal Application to Proceed Informa Pauperis (Dkt. No. 5)

Seven days after the plaintiff filed his original motion for leave to proceed without prepaying the filing fee, dkt. no. 2, he filed a Motion to Seal Application to Proceed Informa [sic] Pauperis, dkt. no. 5, and refiled the application for leave to proceed without prepaying the filing fee, calling it an information sheet, dkt. no. 5-1. As it currently stands, the "information sheet" at dkt. no. 5-1 is sealed, but the original application at dkt. no. 2—which is the exact same document as that at dkt. no. 5-1—is not sealed.

Any confusion on the docket is the result of the plaintiff's failure to comply with General Local Rule 79(d) (E.D. Wis.). Rule 79(d)(2) requires that a party publicly file a separate motion and attach a version of the document the party wants sealed that redacts only those portions of the document that are subject to the request. General Local Rule 79(d)(3) requires that any motion to restrict access or seal be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. In addition, the plaintiff asks the court to "seal" the application rather than to restrict it from public view. Only the court has access to a sealed document; the parties do not. In contrast, a party asking a court to *restrict* documents may ask that they be restricted to viewing only by the court and the parties.

The Seventh Circuit has explained there must be good cause to seal or restrict documents. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). The public has a right of access to the judicial record so that it may know who is using the courts, to understand judicial decisions and to monitor the judiciary's performance. Id. Because the public pays for the courts, the public is entitled to know what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting

4

Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019).

The plaintiff cites a desire to keep "her [sic] financial information" confidential and claims that there would be no prejudice to the defendant. Dkt. No. 5 at 1. The issue isn't the prejudice to the *defendant*, but the plaintiff's privacy interest balanced against the public's interest in transparency and the judicial record. The plaintiff has not demonstrated good cause and the court will deny without prejudice the motion to seal.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions for leave to proceed without prepaying the filing fee. Dkt. No. 2, 5.

The court **ORDERS** that by the end of the day on **June 2, 2023**, the plaintiff must pay the full filing fee or file an amended motion for leave to proceed without prepaying the filing fee using this court's form (available at www.wied.uscourts.gov/all-forms). If the plaintiff files an amended motion, it must clearly identify all sources of income. The plaintiff must pay the filing fee, or file the amended motion, in time for the court to *receive* it by day's end on June 2, 2023.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to seal. Dkt. No. 5.

The court **ORDERS** that the defendants must not answer or otherwise respond to the amended complaint until either the plaintiff has paid the full filing fee or the court has granted an amended motion to proceed without

prepaying the filing fee, has screened the amended complaint and has set a deadline for the defendants to respond. If the defendants answer or otherwise respond without being ordered to do so by the court, the court may strike the pleading.

Dated in Milwaukee, Wisconsin this 18th day of May, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**